# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

BRETT MARTIN, on behalf of himself
and all others similarly situated,

                Plaintiff,

   v.

SUNLIGHT SUPPLY, INC.,

                Defendants.

CASE NO.:

COMPLAINT - CLASS ACTION

## CLASS ACTION COMPLAINT FOR
## VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.

Plaintiff Brett Martin ("Plaintiff"), on behalf of himself and a putative class of similarly situated former employees of Sunlight Supply, Inc. (the "Defendant"), by way of this Class Action Complaint against Defendant alleges as follows:

## I.  INTRODUCTION

1.1  Beginning on or about November 16, 2017 and within 90 days of that date, Defendant ordered mass layoffs as defined by 29 U.S.C. § 2101(a)(2), (3), for which it was required to provide 60 days advanced written notice under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act") to its employees.

1.2  Defendant terminated the Plaintiff and approximately 200 similarly situated employees (the "similarly situated former employees") who worked at or reported to Defendant's Vancouver, Washington facilities as defined herein.

COMPLAINT - 1

OUTTEN & GOLDEN LLP
685 THIRD AVENUE, 25th FLOOR
NEW YORK, NY 10017
(212) 245-1000

1.3   The Plaintiff brings this action on behalf of himself, and approximately 200 similarly-situated former employees who were terminated in mass layoffs from Defendant's Vancouver, Washington facilities beginning on or about November 16, 2017 and within 90 days of that date. These employees were not provided 60 days advance written notice of their terminations by Defendant, as required by the WARN Act.

1.4   Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, from Defendant.

## II.   PARTIES

2.1   Plaintiff Brett Martin was employed by defendant as an IT Desktop Specialist and reported to its facility located at 3204 NW 38th Circle, Vancouver, WA 98660 (the "World Headquarters Facility") until his termination on or about November 27, 2017.

2.2   Upon information and belief at all relevant times, Defendant maintained and operated its business at the World Headquarters Facility and maintained and operated other facilities in Vancouver, Washington area including 4525 NW Fruit Valley Road, Vancouver, Washington, as that term is defined by the WARN Act (collectively the "Facilities").

2.3   Upon information and belief at all relevant times, Defendant Sunlight Supply, Inc. is a Washington corporation with its principal place of business located at the World headquarters Facility and conducted business in this district.

## III.   JURISDICTION AND VENUE

3.1   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1334, 1367, and 29 U.S.C. § 2104(a)(5).

3.2   Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

COMPLAINT - 2

### IV.    FACTS

4.1     Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.* on his own behalf and on behalf of all similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause beginning on or about November 16, 2017, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs ordered by Defendant beginning on or about November 16, 2017, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

4.2     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

4.3     The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendant.

4.4     On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records, including electronic records, of the Defendant.

4.5     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

  (a)     whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

COMPLAINT - 3

  (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

  (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

4.6 The Plaintiff's claim is typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to Defendant's Facilities and was terminated without cause on or about November 16, 2017, or within 90 days of that date, due to the mass layoffs ordered by Defendant.

4.7 The Plaintiff's will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment Litigation.

4.8 Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

4.9 Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resource of

the parties and is the most efficient means of resolving the WARN Act rights of all the members of the class.

4.10    Plaintiff intends to send notice to all members of the WARN Class to the e3xtent required by Rule 23.

## V.    CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

5.1     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

5.2     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

5.3     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs at the Facilities.

5.4     At all relevant times, Plaintiff and the similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

5.6     On or about November 16, 2017, the Defendant ordered mass layoffs at its Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2) and 2102(d).

5.7     The mass layoffs at each of its Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as more than one-third of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

COMPLAINT - 5

5.8 The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff ordered by Defendant at the Facilities.

5.9 The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

5.10 Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

5.11 Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

5.12 The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

5.13 Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, for 60 days from and after the dates of their respective terminations.

5.14 The relief sought in this proceeding is equitable in nature.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all similarly situated persons, prays for the following relief as against Defendant:

1. Certification of this action as a class action;

2. Designation of the Plaintiff as a Class Representative;

3. Appointment of the undersigned attorneys as Class Counsel;

4. A judgment in favor of the Plaintiff and the similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, including medical expenses that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

5. Plaintiff's reasonable attorney's fees and the costs and disbursement of prosecuting this action as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

6. Such other and further relief as this Court may deem just and proper.

DATED this 24th day of April, 2018.

FRANK FREED SUBIT & THOMAS LLP

By:  /s/ Michael C. Subit
Michael C Subit, WSBA #29189
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Phone: (206) 682-6711
Email: msubit@frankfreed.com

and by

By:  /s/ Jack A. Raisner
/s/ René S. Roupinian
Jack A. Raisner
René S. Roupinian
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000
Fax: (646) 509-2070
Email: rsr@outtengolden.com
Email: jar@outtengolden.com
*(pro hac vice admission forthcoming)*

Attorneys for Plaintiff Brett Martin and the putative class

COMPLAINT - 7