UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRETT MARTIN on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNLIGHT SUPPLY, INC.,<br><br>    Defendant. | Case No. 2:18-cv-00600-TSZ<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendant Sunlight Supply, Inc. ("Defendant"), by and through its undersigned attorneys, hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff Brett Martin ("Plaintiff") as follows:

## I. INTRODUCTION

1.1 The allegations set forth in Paragraph 1.1 of the Complaint constitute legal conclusions that do not require a response. To the extent that Paragraph 1.1 asserts any factual allegations, Defendant denies them.

1.2 As to Paragraph 1.2, Defendant admits that it terminated Plaintiff's employment. Defendant denies the remaining factual allegations in Paragraph 1.2.

1.3 Paragraph 1.3 purports to characterize this action and states legal conclusions that do not require a response. To the extent that Paragraph 1.3 asserts any factual allegations, Defendant denies them.

/ / /

1.4     Paragraph 1.4 purports to characterize the relief requested by Plaintiff and requires no response.  To the extent that a response is required, Defendant denies any factual allegations made in Paragraph 1.4.

## II. PARTIES

2.1     As to Paragraph 2.1, Defendant admits that it employed Plaintiff in its IT Department at its office located at 3204 NW 38th Circle in Vancouver, Washington.  Defendant admits that it refers to this office as its world headquarters.  Plaintiff's reference to Defendant's office as a facility as that term is defined in the Worker Adjustment and Retraining Notification Act ("WARN Act") is a legal conclusion that requires no response.  Defendant denies that it terminated Plaintiff's employment on November 27, 2017.  Defendant denies any remaining factual allegations in Paragraph 2.1.

2.2     As to Paragraph 2.2, Defendant admits that it maintained and operated an office at 3204 NW 38th Circle and a warehouse at 4525 NW Fruit Valley Road in Vancouver, Washington.  Plaintiff's reference to Defendant's "Facilities" as the term facility is defined in the WARN Act is a legal conclusion that requires no response.  Defendant denies any remaining factual allegations in Paragraph 2.2.

2.3     As to Paragraph 2.3, Defendant admits that it is a corporation duly organized under the laws of the state of Washington with its principal place of business located at 3204 NW 38th Circle, Vancouver, Washington.  Defendant admits it conducted business in this District.  Defendant denies any remaining factual allegations in Paragraph 2.3.

## III. JURISDICTION AND VENUE

3.1     The allegations set forth in Paragraph 3.1 constitute legal conclusions that do not require a response.

3.2     The allegations set forth in Paragraph 3.2 constitute legal conclusions that do not require a response.

/ / /

/ / /

## IV. FACTS

4.1 Paragraph 4.1 purports to characterize this action and additionally states legal conclusions that do not require a response. To the extent that Paragraph 4.1 asserts any factual allegations, Defendant denies them.

4.2 Paragraph 4.2 states legal conclusions that do not require a response. To the extent that Paragraph 4.2 asserts any factual allegations, Defendant denies them.

4.3 As to Paragraph 4.3, Defendant admits that the names and last known residential addresses of employees are maintained in Defendant's records. The remaining factual allegations of Paragraph 4.3 are denied.

4.4 As to Paragraph 4.4, Defendant admits that it maintains information pertaining to employees' rates of pay and benefits in Defendant's records. The remaining factual allegations of Paragraph 4.4 are denied.

4.5 Paragraph 4.5 and each of its subparts state legal conclusions that do not require a response. To the extent that Paragraph 4.5 or any of its subparts assert any factual allegations, Defendant denies them.

4.6 As to Paragraph 4.6, Defendant admits that Plaintiff worked at Defendant's world headquarters and that Plaintiff was laid off on November 16, 2017. The remaining factual allegations of Paragraph 4.6 are denied.

4.7 The first sentence of Paragraph 4.7 states legal conclusions that do not require a response. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 4.7 and therefore denies them.

4.8 Paragraph 4.8 states legal conclusions that do not require a response. To the extent that Paragraph 4.8 asserts factual allegations, Defendant denies them.

4.9 Paragraph 4.9 states legal conclusions that do not require a response. To the extent that Paragraph 4.9 asserts factual allegations, Defendant denies them.

///

4.10   Paragraph 4.10 is a statement of future intent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.10 and therefore denies them.

## V.   CLAIMS FOR RELIEF

5.1   As to Paragraph 5.1, Defendant incorporates by reference the responses set forth in the preceding paragraphs.

5.2   Defendant admits Paragraph 5.2.

5.3   Paragraph 5.3 states legal conclusions that do not require a response. To the extent that Paragraph 5.3 asserts factual allegations, Defendant denies them.

5.4   Paragraph 5.4 states legal conclusions that do not require a response.

5.5   There is no paragraph numbered 5.5 in the Complaint.

5.6   Paragraph 5.6 states legal conclusions that do not require a response. To the extent that Paragraph 5.6 asserts any factual allegations, Defendant denies them.

5.7   Paragraph 5.7 states legal conclusions that do not require a response. To the extent that Paragraph 5.7 asserts any factual allegations, Defendant denies them.

5.8   Paragraph 5.8 states legal conclusions that do not require a response. To the extent that Paragraph 5.8 asserts any factual allegations, Defendant denies them.

5.9   Paragraph 5.9 states legal conclusions that do not require a response.

5.10   Paragraph 5.10 states legal conclusions that do not require a response.

5.11   Paragraph 5.11 states legal conclusions that do not require a response.

5.12   Paragraph 5.12 states legal conclusions that do not require a response.

5.13   Defendant admits Paragraph 5.13 as to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5.13 and therefore denies them.

5.14   Paragraph 5.14 states a legal conclusion that does not require a response.

/ / /

5.15   To the extent not otherwise specifically admitted herein, Defendant denies each and every allegation of the Complaint.

## VI.  AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

6.1   Plaintiff has failed to state a claim upon which relief can be granted under the WARN Act.

### SECOND AFFIRMATIVE DEFENSE

6.2   Defendant was not obligated to give notice under the WARN Act as there was not a "mass layoff" as that term is defined by the WARN Act, 29 U.S.C. § 2101(a)(3).

### THIRD AFFIRMATIVE DEFENSE

6.3   Defendant was not obligated to give notice under the WARN Act as there was not a "plant closing" as that term is defined by the WARN Act, 29 U.S.C. § 2101(a)(2).

### FOURTH AFFIRMATIVE DEFENSE

6.4   If there was a "mass layoff," Defendant was excused from giving notice under the WARN Act because Defendant was faced with unforeseen business circumstances.  Defendant gave as much notice of the layoff as was practicable under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

6.5   Any liability or penalty assessed against Defendant under the WARN Act must be reduced pursuant to 29 U.S.C. § 2104(a)(4) because any act or omission by Defendant was made in good faith and Defendant had reasonable grounds for believing that any or all such acts or omissions were not a violation of the WARN Act.

### SIXTH AFFIRMATIVE DEFENSE

6.6   To the extent that Plaintiff or any individual class member is entitled to damages, Defendant is entitled to a credit or offset against amounts overpaid to them during the course of their employment.

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

6.7 The claims of individual class members that Plaintiff seeks to represent are barred to the extent that such claims are covered by a prior compromise or release of claims.

## EIGHTH AFFIRMATIVE DEFENSE

6.8 In the event that the Court certifies this action as a class action, Defendant incorporates by this reference and realleges all of its defenses to individual class members' claims.

## VII.  COUNTERCLAIM

7.1 Defendant incorporates by reference the responses set forth in the preceding paragraphs.

7.2 Defendant is entitled to an award of its reasonable attorney fees pursuant to 29 U.S.C. § 2104(a)(6).

**WHEREFORE,** Defendant respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint in its entirety and with prejudice;

B. Award Defendant its costs and reasonable attorneys' fees; and,

C. Grant such other and further relief as the Court deems just and equitable.

BUCKLEY LAW, P.C.

By:   /s Marjorie A. Elken            DATED:  May 24, 2018
   Marjorie A. Elken, WSB No. 45788
   Email: mae@buckley-law.com
   5300 Meadows Road, Suite 200
   Lake Oswego, Oregon 97035
   Phone: 503-620-8900
   Trial Attorney: Marjorie A. Elken

   *Of Attorneys for Defendant Sunlight Supply, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM on:

    Michel C. Subit
    Frank Freed Submit & Thomas
    705 Second Avenue, Suite 1200
    Seattle, Washington 98104

    *Of Attorneys for Plaintiff*

    Jack A. Raisner
    René S. Roupinian
    Outten & Golden LLP
    685 Third Avenue, 25th Floor
    New York, NY 10017

    *Of Attorneys for Plaintiff*

[ X ]  by MAILING a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown above, and deposited with the U.S. Postal Service at Lake Oswego, Oregon, on the date set forth below;

[   ]  by causing a full, true and correct copy thereof to be HAND-DELIVERED to the party, at the address listed above on the date set forth below;

[   ]  by FAXING a full, true and correct copy thereof to the party, at the fax number shown above, which is the last-known fax number for the party's office, on the date set forth below.

[ X ]  by electronic mailing through the CM / ECF Filing System, on the date set forth below.

DATED: May 24, 2018

                        BUCKLEY LAW, P.C.

                        By: */s/ Marjorie A. Elken*
                            Marjorie A. Elken, WSB No. 45788
                            Email: mae@buckley-law.com
                            5300 Meadows Road, Suite 200
                            Lake Oswego, Oregon 97035
                            Phone: 503-620-8900
                            Trial Attorney: Marjorie A. Elken

                        *Of Attorneys for Defendant Sunlight Supply, Inc.*

Page 1 – CERTIFICATE OF SERVICE (2:18-cv-00600-TSZ)